NO.
12-07-00379-CR

NO. 12-07-00380-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

IN RE: ALDOE LEE FOSTER,

RELATOR     §          ORIGINAL
PROCEEDING

 

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Aldoe Lee
Foster was convicted of aggravated robbery and possession of a firearm by a
felon, following which he was sentenced to forty years of imprisonment.  Foster filed a motion in the trial court
requesting postconviction DNA testing on three shell casings and a weapon
urging that the DNA testing would establish his innocence.  In this original mandamus proceeding, Foster
seeks an order requiring the trial court to appoint counsel for him as required
by article 64.01(c) of the Texas Code of Criminal Procedure.  We deny the petition.

            Mandamus
will issue only when the record establishes that (1) the act sought to be
compelled is purely ministerial and (2) there is no adequate remedy at
law.  See State ex rel. Rosenthal
v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003) (orig.
proceeding).  For the act to be clearly
ministerial, the relator must have “a clear right to the relief sought” meaning
that the relief sought must be “clear and undisputable” such that its merits
are “beyond dispute” with “nothing left to the exercise of discretion or
judgment.”  Id.  

            Chapter 64
of the Texas Code of Criminal Procedure prescribes the procedure for
postconviction DNA testing.  See Tex. Code Crim. Proc. Ann. §§ 64.01–.05
(Vernon 2006).  A convicted person is
entitled to counsel during a proceeding under Chapter 64.  Id. art. 64.01(c).  The trial court must appoint counsel for the
convicted person if (1) the person informs the court that the person wishes to submit
a Chapter 64 motion; (2) the court finds reasonable grounds for the motion to
be filed; and (3) the court determines that the person is indigent.  Id.  

            Foster has
provided this court with a copy of his motion for DNA testing, which he alleges
was filed in July 2007.  However, the
record does not establish that the trial court has found that reasonable
grounds exist for Foster’s motion to be filed and that Foster is indigent.[1]  Because Foster is not entitled to appointed
counsel until the trial court makes these findings, see id.,
he has not shown that he has a “clear right to relief.”  See Poe, 98 S.W.3d at 198.  Accordingly, the petition for writ of
mandamus is denied.  

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered October 11,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] In
his motion for DNA testing, Foster requests appointed counsel, but does not
allege any facts relating to his financial condition.  On October 5, 2007, we received Foster’s
mandamus petition and an application to proceed in forma pauperis dated
October 2, 2007.  The application is
not addressed to a specific court, but is dated approximately three months
after the Foster’s DNA motion was filed. 
Therefore, we conclude that the application pertains only to this
original proceeding.